[Cite as *Tax Ease Ohio, L.L.C. v. Jones*, 2016-Ohio-8082.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAX EASE OHIO, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27188 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-6444 |
| | : | |
| ARTHUR F. JONES, as Trustee of the | : | (Civil Appeal from |
| 658 Liscum Drive Trust, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2016.

. . . . . . . . . . .

STEVEN C. DAVIS, Atty. Reg. No. 0065838, Barron, Peck, Bennie & Schlemmer, Co.
L.P.A., 3074 Madison Road, Cincinnati, Ohio 45209
        Attorney for Plaintiff-Appellee, Tax Ease Ohio, LLC

MICHAEL W. SANDNER, Atty. Reg. No. 0064107, and JOSHUA M. KIN, Atty. Reg. No.
0086965, Pickrel, Schaeffer & Ebeling, 2700 Kettering Tower, Dayton, Ohio 45423
        Attorneys for Defendant-Appellant, Arthur F. Jones, Trustee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} This appeal arises from an order granting summary judgment on the

foreclosure complaint of Tax Ease Ohio, LLC, against Arthur F. Jones concerning a failure

to pay real-estate taxes at 658 Liscum Drive in Dayton.

{¶ 2} The complaint was filed on December 9, 2015. Jones, acting pro se, filed an answer on March 29, 2016. Jones was not a registered participant in the Montgomery County Clerk of Court electronic filing system. Tax Ease filed a motion for summary judgment on May 17, 2016. The motion contained a certificate of service indicating that Jones was being served automatically by the Clerk of Court's e-filing system, which posts a notice of filing to the e-filing account of each of the other registered parties in the case. Montgomery County Local Rule 1.15(H)(4)(a)(iii) obligates an electronic filer to serve a paper copy of the filing on all *pro se* unregistered parties consistent with the Civil Rules for service. The record contains no indication that Jones was supplied with a copy of the summary judgment filing.

{¶ 3} On June 6, 2016, a Judgment Entry and Decree of Foreclosure was filed. Jones filed a timely appeal.

{¶ 4} Jones' appellate brief argues that the trial court erred by granting the motion for summary judgment without him having notice or an opportunity to respond. When Tax Ease did not file a responsive brief, we ordered it to show cause why the case should not proceed without its brief. Tax Ease responded by conceding error regarding service of the motion for summary judgment and consenting "to remand upon such terms as deemed appropriate by this Court."

{¶ 5} We conclude that the trial court, unbeknownst to it at the time, erred by granting summary judgment pursuant to a motion that was not served on Jones. Accordingly, the Judgment Entry and Decree of Foreclosure is vacated and the case is remanded to the trial court for further proceedings.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Steven C. Davis
Michael W. Sandner
Joshua M. Kin
Hon. Michael Tucker